(C. D. 1442)

CALIFORNIA OIL CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided July 7, 1952)

*Sharretts, Hillis & Paley* (*Howard C. Carter* of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: The plaintiff herein imported two shipments of a product described on the invoices as "Blending Gasoline." The merchandise was accorded free entry under the provisions of paragraph 1733 of the Tariff Act of 1930, but a tax or duty at the rate of 1¼ cents per gallon was assessed thereon under the provision in section 3422 of the Internal Revenue Code (26 U. S. C. § 3422), as amended by the General Agreement on Tariffs and Trade, T. D. 51802, for—

\* \* \* gasoline or other motor fuel \* \* \*.

By its protests herein, the plaintiff contends that the foregoing classification and assessment were incorrect and that the merchandise was subject to duty at only one-fourth of 1 cent per gallon under the provision in said section 3422, Internal Revenue Code, as amended, for—

\* \* \* all liquid derivatives of crude petroleum (except lubricating oil and such derivatives specified hereinafter in any item 3422) \* \* \*.

[Note—the specified derivatives are mineral oil of medicinal grade, derived from petroleum; gasoline or other motor fuel; lubricating oil; and paraffin and other petroleum wax products.]

As appears from the record and the briefs filed on behalf of the parties, the issue is whether the merchandise involved is properly classifiable as "gasoline or other motor fuel" or is entitled to classification as a liquid derivative of crude petroleum, other than those specifically mentioned in section 3422, *supra*. The defendant apparently does not dispute, and by the collector's classification seemingly admits, that the involved merchandise was in its imported condition a liquid derivative of crude petroleum and that it was not

mineral oil, lubricating oil, or paraffin or other petroleum wax products, so that the issue is resolved into the question of whether in its imported condition the involved merchandise was "gasoline or other motor fuel" within the meaning of that term as used in the statute.

It is clear from the record and from the brief filed in its behalf that plaintiff relies upon the doctrine of chief use to sustain its contention that the merchandise at bar is not properly classifiable under the provision for "gasoline or other motor fuel." The doctrine of chief use is applicable only to the matter of classification by use, that is to say, under tariff designations by use, and the rule is simply expressed as follows: To entitle a commodity to classification by use, the test is as to its chief use. *Keller Co. et al.* v. *United States*, 13 Ct. Cust. Appls. 428, T. D. 41343.

In essence, then, plaintiff contends that the term "gasoline or other motor fuel" is a tariff designation by use. Specifically, plaintiff contends that it is that type of use designation known in customs jurisprudence as an "*eo nomine* designation suggesting use," [1] and that it includes only petroleum products the chief use of which in the United States is as fuel for the propulsion of motor vehicles, motorboats, or airplanes, or as a carburant fuel in spark-ignited internal-combustion engines.

Although the defendant does not appear directly to dispute the plaintiff's contention that the term "gasoline or other motor fuel" is a designation by use, in the brief filed in its behalf, it is pointed out that the term "motor fuel" alone would include all products used as fuel in the propulsion of motor vehicles, motorboats, and airplanes, and that consequently Congress must have intended that the word "gasoline" as used in the term "gasoline or other motor fuel" would not be confined to the same limits as "motor fuel" but must have intended that a broader meaning be given to it.

The term "gasoline or other motor fuel" as we are here concerned with it, first appeared in section 601 (c) (4) of the Revenue Act of 1932, and the pertinent portions of that section, after certain extensions of time in succeeding revenue acts, were ultimately codified as section 3422 of the Internal Revenue Code, *supra*. The plaintiff has offered evidence herein, which, when fairly analyzed, we believe establishes (1) that the chief use of the merchandise at bar, both at the time of the original enactment of the Revenue Act of 1932, and at the time of importation of the merchandise here involved, was as a blending component in the manufacture or production of gasoline, and (2) that while such imported product could be used as a motor fuel under certain circumstances and under a narrow range of condi-

---

[1] Cf. *United States* v. *F. W. Myers & Co., Inc.*, 24 C. C. P. A. (Customs) 464, T. D. 48913, and cases cited therein.

tions, it was not generally or commercially suitable for such use, nor was it chiefly used as a motor fuel.

The effort of the defendant at the trial appears to have been to show that certain of the physical properties of the imported merchandise were within the prescribed ranges of certain tentative specifications for gasoline prepared by a committee of the American Society for Testing Materials. The defendant did not establish the authority of the specifications referred to as criteria for the determination of whether or not a product falling within the range thereof was, in fact, chiefly used in the United States as motor fuel. On the contrary, the evidence offered on behalf of the plaintiff indicates that such specifications are extremely broad, have not received general acceptance, and do not accord with governmental or trade standards for petroleum products suitable for motor fuel.

As hereinbefore noted, the plaintiff has proceeded on the theory that the term "gasoline or other motor fuel" as used in the statute is a designation by use. The provision for "motor fuel" is quite obviously such a designation, for it makes use of the test of classification thereunder. That the merchandise at bar is not properly classifiable as "motor fuel" is amply established by the record.

The term "gasoline," however, as we understand it, is not a designation by use, but is an *eo nomine* designation of a particular product which may be obtained from petroleum, coal, or natural gas. Webster's New International Dictionary, 2d edition, 1945, defines "gasoline" as follows:

A volatile, inflammable, liquid hydrocarbon mixture used as a fuel, esp. for internal-combustion engines, as a solvent for oils, fats, etc., and as a carburetant;—called also *petrol.* It is made by the refining or the cracking of petroleum, by low-temperature distillation of coal, by recovery from natural gas, etc. Commercial gasoline has a gravity of 56° Bé. to 90° Bé. See PETROLEUM.

Standing alone, "gasoline" has no connotation of use such as is discernible in tariff provisions wherein the word "use" or a form thereof appears, or in *eo nomine* or descriptive provisions suggesting use. We think a fair analysis of the record must lead to the conclusion that while the merchandise at bar, in its imported condition, was shown not to be chiefly used in the United States as a motor fuel, nevertheless, it is, in fact, "blending gasoline" and a form of that petroleum product known as "gasoline."

If the word "gasoline" in the statute stood alone as an ordinary *eo nomine* designation, the chief use of the article embraced thereby would be immaterial, and the rule enunciated in *Nootka Packing Co. et al.* v. *United States,* 22 C. C. P. A. (Customs) 464, T. D. 47464, that—

* * * an *eo nomine* statutory designation of an article, *without limitations* or a shown contrary legislative intent, judicial decision, or administrative practice

to the contrary, and without proof of commercial designation, will include all forms of said article—[Italics added.]

would apply.

The question then presents itself whether the fact that the word "gasoline" as it is used in the statute is coupled with another provision, viz, "motor fuel," by the connecting words "or other" indicates a legislative intent to limit or restrict its application only to such gasoline as is used as motor fuel—thus in effect making it a designation by use.

The word "other" as used in statutes such as that here involved has a modifying force, in the sense of limitation or explanation, and it may apply that force to that which precedes it or to that which follows it. *United States* v. *American Express Co.*, 2 Ct. Cust. Appls. 95, 98, T. D. 31636. If the modifying force of the word be applied to that which precedes it, i. e., "gasoline," then the word "gasoline" as used in the statute would include only such gasoline as is of the kind and character of motor fuel. If, on the other hand, the modifying force be applied to that which follows it, i. e., "motor fuel," then the words "motor fuel" would include only such motor fuel as is of the kind and character of gasoline.

In either case, however, whether the word "gasoline" be limited or explained by the words "motor fuel" or vice versa, there is a reference to gasoline only in terms of motor fuel, or as a motor fuel, and we think this is indicative of the legislative intent to confine or restrict the tax imposed upon "gasoline" only to motor fuel gasoline, i. e., gasoline used as motor fuel; in effect making it a designation by use.

We are not unmindful of the fact that in another section of the Internal Revenue Code, to wit, section 3412 (a), Congress has imposed an excise tax upon the sale of gasoline, and in subsection (c) (2) thereof has defined "gasoline" for the purposes of that section in broad terms which would probably encompass the merchandise at bar if subject to tax under that section. Ordinarily, it would be presumed that when the same word or term is used in different parts of the same law, it would be accorded the same meaning in all places. However, it must be remembered that the definition found in section 3412 (c) (2) is restricted to the term "gasoline" as used in section 3412 (a), *supra*, wherein the term stands alone. As hereinbefore noted, in the Internal Revenue Code section here involved, section 3422, the term "gasoline" is coupled with another term in such manner as to indicate an intention to limit or restrict it.

While the decision of the Court of Claims in the case of *Coleman* v. *United States*, 37 F. Supp. 273, cited and relied upon by the plaintiff herein, is in accord with the conclusion we have here reached, we do not regard that decision, or the reasoning therein, as controlling our action herein. That decision relates to section 617 of the Revenue

Act of 1932, later codified as section 3412 of the Internal Revenue Code, the statutory situation as to which we have above distinguished. Subsequent to the promulgation of that decision and prior to the importation of the merchandise at bar, Congress broadened the definition of "gasoline" in section 3412, as hereinabove described, and thus negatived the effect of the decision in the *Coleman* case.

We are satisfied from the record made before us that the chief use of the merchandise at bar, both at the time of the original enactment of the statute under which it was assessed and at the time of its importation, was other than as a motor fuel. It was, for the reasons hereinbefore shown, therefore, not properly assessed with tax or duty by the collector under the provision for "gasoline or other motor fuel," and judgment will issue sustaining the claim made in each of the protests for tax or duty at the rate of only one-fourth of 1 cent per gallon under the provision in section 3422 of the Internal Revenue Code for liquid derivatives of crude petroleum, other than those specifically mentioned therein.

(C. D. 1443)