EHRENREICH PHOTO-OPTICAL INDUSTRIES, INC. *v.* UNITED STATES

Court Nos. 67/83509, etc.

(Decided March 21, 1975)

*Serko & Sklaroff* (*Murray Sklaroff* of counsel) for the plaintiff.

*Irving Jaffe*, Acting Assistant Attorney General (*John N. Politis*, trial attorney), for the defendant.

NEWMAN, Judge: In a word, the parties in these five consolidated actions agree that there is no genuine issue as to any material fact, and have filed cross-motions for summary judgment pursuant to rule 8.2.

The issue involves the proper tariff classification of certain stainless steel reels designed for processing still picture photographic film; namely, to hold the film during the photofinishing process. These reels were imported from West Germany through the port of New York, and assessed with duty at the rate of 19 per centum ad valorem under the provision in item 722.80 of the Tariff Schedules of the United States (TSUS) for "Photographic film reels". Plaintiff claims that the merchandise was properly dutiable at the rate of 10 per centum ad valorem under the provision in item 722.94, TSUS, for "Equipment specially designed for photofinishing (still picture): Other, not specially provided for".

I have no difficulty in concluding that the assessment under item 722.80 was correct. Accordingly, plaintiff's motion is denied; defend: ant's cross-motion is granted.

1.

Defendant does not dispute that the imports are specially designed for still picture photofinishing, but insists that they are specially provided for *eo nomine* under item 722.80 as "photographic film reels". On the other hand, plaintiff contends that the imports are not specially provided for as "photographic film reels" within the meaning of the provision in item 722.80.

Briefly, plaintiff argues that the provision in item 722.80 for "photographic film reels" covers only reels used to store and project

film; while defendant urges that the provision also covers reels designed for holding exposed film during the photofinishing process.

In support of its restrictive interpretation of the provision for "photographic film reels" in item 722.80, plaintiff cites *J. E. Bernard & Co., Inc.* v. *United States*, 66 Cust. Ct. 362, C.D. 4215 (1971). There, the merchandise consisted of "autoload" cartridges used in conjunction with a microfilm reader, and the court commented (66 Cust. Ct. at 365):

> First, it is evident from reviewing the lexicographic authorities that a film "reel" in its common meaning is a flanged holder on which a film is wound. (See e.g., *Webster's International Dictionary* (Second Edition, Unabridged (1948)); The National Microfilm Association's *Glossary of Terms* (1962 and 1966 eds.); *The Britannica World Language Dictionary* (1963). And this is what the importation primarily is—a flanged holder on which a film is wound—encased in a plastic container. Put otherwise, the importation performs the primary function of two conventional film reels—i.e., to store and project film—and the ancillary function of protecting such film. Further, the import is used in exactly the same way as two film reels—one empty and one full—placed side by side in a reader, with the film being unwound from the one reel and wound onto the other while being projected on the reader. And since the importation consists of two reels in one container, there is no need to rewind the film, thus effecting a reduction in look-up time. These features enable the film reels to function more efficiently and simply; they do not convert the film reels into anything else.

Thus, in *Bernard* the court found from various lexicographic authorities "that a film 'reel' in its common meaning is a flanged *holder* on which a film is wound". (Emphasis added.) The court did not rule, as urged by plaintiff, that to be "photographic film reels" within the purview of item 722.80 the reels must be used for the storage and projection of film.

In addition to the lexicographic authorities cited in *Bernard* for the common meaning of "photographic film reel", defendant here relies upon the following definitions in *The Random House Dictionary of the English Language* (unabridged edition, 1969):

> reel * * * 5. *Photog.* a. a spool on which film, esp. motion-picture film, is wound. b. a roll of motion-picture film. c. *a holder for roll film in a developing tank*. [Emphasis added.]

The United States Tariff Commission's *Summaries of Trade and Tariff Information*, Schedule 7, Volume 3, page 40, states: "Photographic film reels and reel cans (item 722.80) are the usual *holders* and containers for photographic film". (Emphasis added.)

Hence, there is no doubt that the common meaning of "photographic film reel" encompasses reels, such as the imports, used for *holding* exposed film in the photofinishing process.

2.

Plaintiff also contends that "the juxtaposition of the terms 'photographic film reels' and 'reel cans' [in item 722.80] creates a limitation on the former term—the limitation being only to those reels which can be associated with reel cans or their equivalent". In support of this argument, plaintiff heavily relies upon *California Oil Co.* v. *United States*, 29 Cust. Ct. 44, C.D. 1442 (1952), wherein the court construed the provision in the Internal Revenue Code for "gasoline or other motor fuel". In this connection, the court observed (29 Cust. Ct. at 48):

> The question then presents itself whether the fact that the word "gasoline" as it is used in the statute is coupled with another provision, viz, "motor fuel," by the connecting words "or other" indicates a legislative intent to limit or restrict its application only to such gasoline as is used as motor fuel—thus in effect making it a designation by use.
>
> The word "other" as used in statutes such as that here involved has a modifying force, in the sense of limitation or explanation, and it may apply that force to that which precedes it or to that which follows it. *United States* v. *American Express Co.*, 2 Ct. Cust. Appls. 95, 98, T.D. 31636. If the modifying force of the word be applied to that which precedes it, i.e., "gasoline," then the word "gasoline" as used in the statute would include only such gasoline as is of the kind and character of motor fuel. If, on the other hand, the modifying force be applied to that which follows it, i.e., "motor fuel," then the words "motor fuel" would include only such motor fuel as is of the kind and character of gasoline.
>
> In either case, however, whether the word "gasoline" be limited or explained by the words "motor fuel" or vice versa, there is a reference to gasoline only in terms of motor fuel, or as a motor fuel, and we think this is indicative of the legislative intent to confine or restrict the tax imposed upon "gasoline" only to motor fuel gasoline, i.e., gasoline used as motor fuel; in effect making it a designation by use.

Plainly, the rationale of *California Oil* is inapposite to the construction of item 722.80, TSUS. Although in that case the court held that the word *other* "has a modifying force, in the sense of limitation or explanation", here the word *and* serves merely as a conjunction connecting two coordinate provisions ("photographic film reels" and "reel cans"), without evincing any modifying force or limitative con-

notation respecting the words which precede it. Inasmuch as item 722.80 does not use the words "or other", plaintiff's misplaced reliance upon *California Oil* assumes that the court's construction of the Internal Revenue Code provision would have been the same even had the statute read: "gasoline and motor fuel". However, I think such assumption is entirely unwarranted.

Therefore, in my view the provision for photographic film reels in item 722.80 is an *eo nomine* provision without limitation. It is fundamental that, in the absence of contrary legislative intent, such an *eo nomine* provision for an article includes all forms of the article. *Knowles Electronics; J. E. Bernard & Co., Inc.* v. *United States,* 62 CCPA—, C.A.D. 1134, 504 F. 2d 1403 (1974). Since there is no evidence of contrary legislative intent, I hold that item 722.80 embraces the photographic film reels involved here.

### 3.

Notwithstanding that the imported articles are described in item 722.80 as "photographic film reels", I must now consider whether they are more specifically described in item 722.94. General Interpretative Rule 10(c).*

Initially, it must be observed that the provision in item 722.80 for "photographic film reels" is an *eo nomine* designation by use (viz., reels *used* for photographic film), while item 722.94 is a use provision qualified by a "not specially provided for" clause. "It has been repeatedly held by this court [Court of Customs and Patent Appeals] that, subject to clearly shown contrary legislative intent, a 'not specially provided for' clause in a use provision excludes therefrom articles enumerated elsewhere by descriptive or *eo nomine* designation". *United States* v. *Lansen-Naeve Corp.,* 44 CCPA 31, 33, C.A.D. 632 (1957). Consequently, since the *eo nomine* provision for photographic film reels in item 722.80 *specially provides for the reels in issue,* they are excluded from classification under the residual provision for equipment specially designed for photofinishing *not specially provided for* in item 722.94.

In summary, I find there is no genuine issue of fact to be tried in these cases, and that the merchandise was properly classified by the regional commissioner. Hence, it is hereby ordered that the cross-motion of defendant for summary judgment is granted; and plaintiff's motion is denied. Judgment will be entered accordingly.

---

*Rule 10(c) provides, so far as pertinent:

"10. General Interpretative Rules. For the purposes of these schedules—

*     *     *     *     *     *     *

(c) an imported article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically describes it; * * *".