TRANS-ATLANTIC COMPANY *v.* UNITED STATES

Court No. 67/68744

(Decided May 22, 1975)

*Allerton deC. Tompkins* for the plaintiff.
*Rex E. Lee,* Assistant Attorney General (*Joseph I. Liebman,* trial attorney), for the defendant.

FORD, Judge: This matter is before the court by virtue of a motion for summary judgment filed by plaintiff and a cross-motion for summary judgment by defendant made pursuant to rule 8.2. By these motions the parties have agreed that no genuine issue of material fact exists.

The merchandise involved consists of brackets for door closers which are admittedly the same in all material respects as those involved in *Trans Atlantic Company* v. *United States,*[1] 48 CCPA 30, C.A.D. 758 (1960), wherein said brackets were held to be parts of machines under paragraph 372, Tariff Act of 1930, rather than articles

---

[1] Motion to incorporate said record is granted.

manufactured of base metal as provided for in paragraph 397, Tariff Act of 1930. The brackets involved herein were classified under item 647.03, Tariff Schedules of the United States, as amended by Public Law 89–241, and assessed with duty at 19 per centum ad valorem. Plaintiff contends said merchandise is properly subject to classification under item 646.95, Tariff Schedules of the United States, and, therefore, dutiable at 11.5 per centum ad valorem. The pertinent statutory provisions and interpretative rules provide as follows:

646.95 Door closers and parts thereof, of base metal_____ 11.5% ad val.

\* \* \* \* \* \* \*

Hinges; and fittings and mountings not specially provided for, suitable for furniture, doors, windows, blinds, staircases, luggage, vehicle coach work, caskets, cabinets, and similar uses; all the foregoing, of base metal, whether or not coated or plated with precious metal: Not coated or plated with precious metal: Of iron or steel, of aluminum, or of zinc:

\* \* \* \* \* \* \*

647.03 Other_____ 19% ad val.

10. General Interpretative Rules. For the purposes of these schedules—

\* \* \* \* \* \* \*

(c) an imported article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically describes it; but, in applying this rule of interpretation, the following considerations shall govern:

(i) a superior heading cannot be enlarged by inferior headings indented under it but can be limited thereby;

(ii) comparisons are to be made only between provisions of coordinate or equal status, i.e., between the primary or main superior headings of the schedules or between coordinate inferior headings which are subordinate to the same superior heading;

\* \* \* \* \* \* \*

(ii) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

Plaintiff's motion for summary judgment was supported by the following affidavit of Norman A. Millman which facts are not disputed by defendant:

### AFFIDAVIT

Norman A. Millman, being duly sworn, deposes and says;

1. In the year 1965, I was the Secretary-Treasurer of the Trans Atlantic Company and supervised all activities of that Company in connection with the importation and U.S. sale of door closers and parts thereof, including the soffit brackets and corner brackets imported under the below listed Philadelphia shipment covered by protest 67/68744–98481.

| ENTRY | | VESSEL | FROM | DESCRIPTION |
|---|---|---|---|---|
| 24567 | 12/30/65 | HAVSUL | GERMANY | SOFFIT BRACKETS |
| " | " | " | " | CORNER BRACKETS |

2. I am the same party who appeared as a witness and testified for the plaintiff in the matter of protest 329297K, *Trans Atlantic Company V. United States*, 48 CCPA (Customs) 30, CAD 758 (1960) wherein it was held that soffit brackets and corner brackets designed for the use with "TACO" door closers were held to be classifiable as parts of (machines) the door closers with which they were designed to be used.

3. The above identified brackets imported under entry 24567.
    a. Are metal brackets for mounting door closers.
    b. Support a mounting plate having bolt holes which are aligned with the holes in the mounting plate of "TACO" door closer.
    c. Are designed for use only for mounting "TACO" door closers on door frames, and unless such a bracket is used, the door closer (with which the brackets are designed for use) will not function efficiently when the door closer is mounted on the door frames.
    d. Are the same in all material respects as the soffit brackets and door closers that were the subject of decision in the above identified case *Trans Atlantic Co. v. United States*, CAD 758, and, if called upon to do so, I would give the same testimony about these brackets as I did in said litigation terminating in CAD 758.

If called upon to do so I would testify as to the correctness of the above facts.

Norman A. Millman

Based upon the affidavit and the answer to the complaint, plaintiff contends the involved brackets fall within the purview of item 646.95, *supra*, notwithstanding General Interpretative Rule 10(ij). The rule

does not prohibit said classification, plaintiff urges, because item 647.03, *supra*, contains a "not specially provided for" clause which, therefore, excludes said item from being considered a "specific provision."

Defendant, however, contends item 647.03, *supra*, is a specific provision within the intendment of rule 10(ij), *supra*, and permits the imported brackets, which are used to mount door closers to frames of doors, to remain in said provision in spite of the fact that by their use they may be physically considered to be parts of or adjuncts of door closers. When an article is specified by name or specific function, it is sufficiently specific to meet the test of General Interpretative Rule 10(ij). *J. E. Bernard & Co., Inc.* v. *United States*, 59 Cust. Ct. 31, C.D. 3060 (1967).

Based upon this interpretation, defendant contends the involved mountings are specified by name and since they are used on doors the specific function is also set forth.

Where one provision is limited by a "not specially provided for" clause, the other provision is usually favored particularly where it is more than a general descriptive provision. *United States* v. *Lansen-Naeve Corp.*, 44 CCPA 31, C.A.D. 632 (1957); *Ehrenreich Photo-Optical Industries, Inc.*, 74 Cust. Ct. 83, C.D. 4589 (1975).

In the instant case the imported articles consist of mountings suitable for use on doors and are also parts of door closers which are specifically provided for. The court can visualize mountings suitable for use with doors such as strike plates which are covered thereby. However, where a mounting is admittedly a part of a door closer, it is properly subject to classification as claimed. To hold otherwise would emasculate the provision for parts of door closers. The relative specificity of a provision is lessened by a "not specially provided for" clause when the other provision is equally applicable to the involved merchandise. *United States* v. *Alltransport, Inc.* 44 CCPA 149, C.A.D. 653 (1957). In any event, the court is of the opinion that the provision for parts of door closers more specifically describes the imported articles than the provision for mountings, not specially provided for, suitable for doors, and prevails under General Interpretative Rule 10(c).

Plaintiff having abandoned entry 19280, it is hereby dismissed.

Plaintiff's motion for summary judgment is, accordingly, granted and defendant's cross-motion for summary judgment is denied. Judgment will be entered accordingly.